UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
AMANDA U. AJULUCHUKU,            )
            Plaintiff,           )
            v.                   )   C.A. No. 03-11488-MLW
                                 )
MTA POLICE-METRO/MARC BUREAU     )
            Defendant.           )
_____
AMANDA U. AJULUCHUKU,            )
            Plaintiff,           )
            v.                   )   C.A. No. 03-11518-MLW
                                 )
MORGAN STATE UNIVERSITY,         )
            Defendant.           )
_____
AMANDA U. AJULUCHUKU,            )
            Plaintiff,           )
            v.                   )   C.A. No. 03-11519-MLW
                                 )
INTERNAL AFFAIRS-                )
MONTGOMERY COUNTY POLICE,        )
            Defendant.           )
_____
AMANDA U. AJULUCHUKU,            )
            Plaintiff,           )
            v.                   )   C.A. No. 03-11520-MLW
                                 )
BALTIMORE COUNTY POLICE,         )
            Defendant.           )
_____
AMANDA U. AJULUCHUKU,            )
            Plaintiff,           )
            v.                   )   C.A. No. 03-11878-MLW
                                 )
BOARD OF CHILD CARE              )
            Defendant.           )
_____
AMANDA U. AJULUCHUKU,            )
            Plaintiff,           )
            v.                   )   C.A. No. 03-12557-MLW
                                 )
JUDGE KATHLEEN COX,              )
            Defendant.           )
```

MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, these actions are

dismissed.

FACTS

Over the past four months, plaintiff Amanda Ajuluchuku, a former resident of Maryland and a current resident of Massachusetts, has filed six complaints in this Court.  Each of these complaints is based on allegations concerning plaintiff's son and his several encounters with various Maryland police officials and placement in foster home(s) and shelter(s) as well as custody proceedings in Maryland juvenile court.[1]  All of plaintiff's complaints but one were

---

[1]On August 4, 2003, plaintiff filed complaints against a Maryland university and several police entities.  In Ajuluchuki v. MTA Police-Metro/Marc Bureau, C.A. No. 03-11488-MLW, plaintiff alleges that her son was "brutalized" by a MTA officer in June 2003 and that she fell down on her way to the police station.  In Ajuluchuku v. Morgan State University, C.A. No. 03-11518-MLW, Ms. Ajuluchuku alleges that her son was sexually assaulted at her Maryland home and that her son's grades suffered because she reported the alleged assault.  In Ajuluchuku v. Internal Affairs-Montgomery Police, C.A. No. 03-11519-MLW, she alleges that her son was assaulted by an unnamed officer in July 2000 and that in May 2001 her son was arrested and that she lost certain valuables.  In Ajuluchuku v. Baltimore County Police, C.A. No. 03-11520-MLW, plaintiff alleges that she and her son were "terrorized" by an Anthony Davis, who "brainwashed" her son.  She further alleges that an officer of the Baltimore County Police "kidnapped" her son and that her son has been "falsely imprisoned" by Social Services.

On August 21, 2003, plaintiff filed a fifth complaint, Ajuluchuku v. Board of Child Care, in which she alleges that her son was arrested in June 2003, that he has been "falsely imprisoned" at a foster home and shelter, and that her son has been "brainwashed" and mistreated at the facility.  In October 2003, plaintiff filed a document entitled "Addendum," in which she contends that she has been informed that her son is now staying with Mr. Davis and is being used as "guinea pig."

On December 8, 2003, plaintiff filed Ajuluchuku v. Judge

2

accompanied by applications to waive prepayment of the filing
fee.  Plaintiff seeks compensatory and punitive damages for
her "mental distress" and damages for her son's alleged
injuries.  <u>See</u> "Relief" Section of Complaints.

<u>ANALYSIS</u>

I.  <u>The Court May Screen This Action</u>

Because plaintiff seeks to file this complaint without
prepayment of the filing fee, a summons has not issued in
order to allow the Court to review plaintiff's complaint to
determine if it satisfies the substantive requirements of
Section 1915 of title 28, the federal <u>in forma pauperis</u>
statute.  <u>See</u> 28 U.S.C. § 1915.

Section 1915 authorizes federal courts to dismiss actions
in which a plaintiff seeks to proceed without prepayment of
the filing fee if the action lacks an arguable basis either in
law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989),
or if the action fails to state a claim on which relief may be
granted, or seeks monetary relief against a defendant who is
immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).  <u>In
forma pauperis</u> complaints may be dismissed <u>sua sponte</u> and
without notice under Section 1915 if the claim is based on an
indisputably meritless legal theory or factual allegations

---

<u>Kathleen Cox</u>, a complaint against the Maryland Juvenile Court
Judge presiding over proceedings involving her son in that
state.

that are clearly baseless.  <u>Id.</u>; <u>Denton v. Hernandez</u>, 504 U.S.
25, 32-33 (1992).

    III.  Plaintiff's Claims Lack
       <u>An Arguable Basis In Law</u>

Plaintiff does not state under what legal theory or theories
she brings her claims.  Even construing her claims generously as
brought pursuant to Section 1983,[2] <u>see</u> <u>Haines v. Kerner</u>, 404 U.S.
519, 520-21 (1972) (per curiam), they lack an arguable basis in
law.

A claim lacks an arguable or rational basis in law when
it is brought against a defendant who is clearly entitled to
immunity or involves the infringement of a legal interest
which clearly does not exist.  <u>See</u> <u>Neitzke</u>, 490 U.S. at 327-
328 (interpreting the former § 1915(d)); <u>accord</u> <u>Denton</u>, 504
U.S. at 32 (1992) ("clearly baseless" actions may be
dismissed).[3]  Here, plaintiff's claims are subject to dismissal

_____

[2]Section 1983 provides in relevant part that:

    Every person who, under color of any statute, ordinance,
    regulation, custom, or usage, of any State or Territory
    or the District of Columbia, subjects, or causes to be
    subjected, any citizen of the United States or other
    person within the jurisdiction thereof to the deprivation
    of any rights, privileges, or immunities secured by the
    Constitution and laws, shall be liable to the party
    injured in an action at law . . . .

42 U.S.C. § 1983.

[3]The court notes, without deciding, that many, if not all
of plaintiff's claims also appear to lack an arguable basis in
fact. Claims lack an arguable basis in fact when they describe

because as a non-attorney, she may not represent her son; judicial officers are subject to absolute immunity; and because she bases her claims on a theory of <u>respondeat</u> <u>superior</u> liability.

    1.  <u>Plaintiff May Not Bring Claims On Behalf of Her Son</u>

As a preliminary matter, to the extent that plaintiff, as a non-lawyer, is attempting to assert claims on behalf of her son, the complaints must be dismissed.  As a general rule, a plaintiff who is not an attorney may only represent himself, not any other party.  <u>See</u> <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.")**;** <u>accord</u> <u>Cheung v. Youth Orchestra Found. of Buffalo, Inc.</u>, 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not bring an action on action on behalf of child without representation by counsel); <u>cf.</u> <u>Barrows v. Jackson</u>, 346 U.S. 249, 254 (1953) (as a general rule, a party does not have standing to vindicate the constitutional rights of another party).

---

fantastic or delusional scenarios.  <u>Neitzke</u>, 490 U.S. at 327-328.  Fantastic or delusional scenarios involve alleged facts that are irrational or wholly incredible.  <u>Denton</u>, 504 U.S. at 33.  Because the court will dismiss on other grounds, it will not consider this potential basis of dismissal at this time.

This rule is especially true where, as here, a non-attorney parent is attempting to represent her child because non-attorney parents are not trained to represent competently the interests of their children and minors "are entitled to trained legal assistance so their rights may be fully protected." <u>Cheung</u>, 906 F.2d at 61.  Because plaintiff is not an attorney, she may only represent her own interests, and to the extent that the complaints are based on claims for her son, including her claims against Morgan State University based on the alleged sexual assault of her son and against the "Board of Child Care" for alleged mistreatment of her son, they must be dismissed.  <u>Id.</u>

2.  <u>The Judicial Officer Defendant Has Judicial Immunity</u>

To the extent that plaintiff asserts claims against defendant Judge Kathleen Cox, a Maryland Juvenile Court judge, the doctrine of absolute judicial immunity requires dismissal.  The doctrine of judicial immunity protects judges from suit for any normal and routine judicial act.  <u>See, e.g.</u>, <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); <u>Pierson v. Ray</u>, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same).

Only judicial actions taken in the clear absence of all

6

jurisdiction will deprive a judge of absolute immunity.  Cok 876 F.2d
at 2; Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (scope of
judge's jurisdiction construed broadly).  Even, as here, where a
plaintiff alleges that a decision was legally incorrect, such
allegations do not pierce the immunity extended to judges.  Moore v.
Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); cf. Stump, 435 U.S. at
356-357 (alleged erroneous, malicious acts).  Thus, plaintiff's
claims against defendant Cox must be dismissed because plaintiff's
claims are based solely on judicial acts.  Stump, 435 U.S. at 356-
357; Pierson, 386 U.S. at 553-554; Jefferson v. City of Hazlehurst,
936 F. Supp. 382, 387 (S. D. Miss. 1995) (judicial immunity protects
judge from liability for acts or omissions in exercise of his
judicial function or capacity within limits of his jurisdiction)
(citing Cleavinger v. Saxner, 474 U.S. 193, 199 (1985)).

    3.  Plaintiff's Claims Against the Police Entities

        Plaintiff names various county and city police departments in
her complaints.  Even assuming that she is attempting to state a
claim against the municipality or county associated with each police
department, her complaints are subject to dismissal because they are
based on a theory of respondeat superior.

        Liability under Section 1983 is direct, not vicarious.
Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no
respondeat superior liability under § 1983).  Section 1983
liability may only be imposed upon officials who were involved

personally in the deprivation of constitutional rights, and
may not be premised solely on the employer-employee
relationship between an entity and the alleged tortfeasor.
Id.; see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir.
1987); accord Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F.
Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims,
allegation that defendant was "ultimately responsible for the
selection and/or supervision and/or training and/or discipline
of his subordinates" was insufficient).

     Although municipalities and counties are "persons" for purposes
of Section 1983, liability against these political subdivisions also
may not arise vicariously.  Mt. Healthy City School Dist. Bd. of
Educ. v. Doyle, 429 U.S. 274, 279 (1977); Monell v. Department
of Soc. Servs., 436 U.S. 658, 691-92 (1978).  Instead, municipalities
and counties are liable only for acts for which the entity itself is
responsible, meaning acts the entity has embraced as a policy or
custom.  Monell, 436 U.S. at 690-91; accord Polk County v. Dodson,
454 U.S. 312, 325 (1981).

     Plaintiff's complaints contain no allegations that any act
complained of against the various municipalities and counties
occurred pursuant to a county policy or was one of a series of
incidents amounting to an unconstitutional custom or practice or
resulted from the decision of a county policymaker with policymaking
authority.  Because municipalities and counties cannot be held liable

8

under Section 1983 in the absence of proof that the deprivation of

constitutional rights was caused by an unconstitutional policy or

practice, Section 1983 complaints, like plaintiff's, which fail to

include such an allegation, do not state a claim upon which relief

can be granted.  <u>Baxter by Baxter v. Vigo County Sch. Corp.</u>, 26 F.3d

728, 736 (7th Cir. 1994) (dismissing for failure to sufficiently

allege any policy or custom on the part of defendant); <u>accord</u>

<u>Buchanan v. City of Kenosha</u>, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999)

(same); <u>Stratton v. City of Boston</u>, 731 F. Supp. 42, 47 (D.

Mass. 1989) (same).

CONCLUSION

ACCORDINGLY, for the reasons stated above, plaintiff's

claims are dismissed under Section 1915(e)(2) for the reasons

stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>14th</u> day of <u> January </u>, 2004.


<u>s/ Mark L. Wolf</u>
MARK L. WOLF
UNITED STATES DISTRICT JUDGE